*524 The opinion of fho Court was delivered by
Levy, J.
The accused, John Henry Douglass, was prosecuted under an information charging him with the crime of manslaughter, tried by a jury who returned a verdict of guilty, and he was sentenced by tlie Court to imprisonment at bard labor, in the State penitentiary, for the term of ten years. From this sentence and judgment he has appealed..
The information charges one Blue Woods and John Homy Douglass as principals in the crime of manslaughter, committed ou one Spencer Watkins.
Douglass was triod alone, Woods not being brought to trial. We do not think the ground urged in the motion for anew trial, and the hill of exceptions as to the inadmissibility of the evidence of Richard M. Dowell, taken on the preliminary examination, contradictorily with the accused, is sufficient to set aside the verdict and judgment. The absence of this witness from the State, as shown by the sheriff’s return, justiiied the introduction and reception of the evidence, and the failure of the committing magistrate to require of this witness his recognizance, cannot operate to show such want of proper diligence as would exclude his testimony-.
In defendant’s brief, 1ns counsel does not refer to his bill of exceptions as to the ruling of the Judge a quo, on the question of the manner of the witness, Steele, in giving his testimony, and the request of counsel that the Court should compel said witness to maleo his answers responsive to the questions prcqmunded to him ly defendant’s counsel. We iind, however, no serious cause of complaint against the action of the Judge iu that regard. Counsel, in his appeal to the lower court for its interference, remarked that “witness was trying to swear falsely.” The court answered that in “his opinion the witness was endeavoring to give his answers truthfully, and if permitted to answer the questions fully, would probably do so, and stated to the jury that this remark should not affect or influence them, as they wore the sole judges of the credibility of tire witness.”
We are unable to perceive liow this was calculated to prejudice the accused, or that it can be construed into an expression calculated to trench upon the jury’s sole right to decide on the facts and weigh the testimony adduced before them.
Defendant has taken a general bill of exceptions to the charge of the Judge a quo to the jury, on the ground that “the same is not a true, exposition of the law apjdi cable to this case, and upon its face, is incorrect and calculated to mislead the jury.”
This is sweeping and comprehensive in its terms, and covers the whole charge of the Judge, hut in his brief, the counsel of accused dwells upon that portion which refers to what constitutes the particular *525 crime of manslaughter, and specially objects to the following passages in the charge:
“ There can be no accessory before the fact in manslaughter, but whoever assists another by giving a weapon to the person killing, or aids him in any other manner, is, under the law, equally guilty and subject to prosecution and punishment as the person who inflicts the fatal wound; that is, if the person who kills another is guilty of manslaughter, any and all persons who aid him in any manner, are also guilty of manslaughter.” B * * * “If you find, from the evidence that the prisoner, John Douglass, did feloniously, without malice aforethought, and without lawful excuse, kill and slay the deceased, Spencer Watkins, or did in any manner aid or assist any one else in doing so, your verdict will be one of guilty, as charged.”
Defendant contends that this charge is erroneous, because, in order to render an accessory liable as a principal, he must be present at the homicide, aiding and assisting therein; but if the accessory was absent when the homicide was committed, he could not be convicted as principal, even though he gave the pistol, or otherwise aided the person killing, and he relies on the decision in State vs. Maxient, 10 A. 743.
This question is discussed at considerable length by many of the elementary writers, and especially by Russell, in his work on Crimes, and we think the views expressed therein may be regarded as authority. He says “the distinction between principals in the first and second degree, is a distinction without a difference, and, therefore, it need not-be made in indictments. 2 Brevard, 338.” And, “In order to render a person a principal in the second degree, or an aider or abettor, he must be present, aiding and abetting at the fact, or ready to afford assistance if necessary; but the presence need not be a strict actual immediate presence, such a presence as would malee him an eye or ear witness of what passes, but may bo a constructive presence. So that, if several persons set out together, or in small parties, upon one common design, be it muffler or other felony, or for any other purpose unlawful in itself, and each takes the part assigned him, some to commit the tact, others to watch at proper distances and stations to prevent a surprise, or to favor, if need be, the escape of those who are more immediately engaged, they are all, provided the fact be committed, in the eye of the law, present at it.”
The charge complained of must be considered as embracing this view of the law, and, therefore, was not- erroneous.
The testimony of Mr. Dowell, made a part of the bill of exceptions, shows that shortly after the dispute between Blue Woods and deceased, he saw Woods and the prisoner, Douglass, go out of the house together, he, witness, was standing at the door and started to go into the store, *526 and saw Douglass hand Woods a pistol. In three or four minutes after Douglass gave Woods the pistol, Woods shot Watkins. The prisoner was present when Woods and Watkins were quarrelling, before Watkins was shot. When Woods returned into the store after Douglass gave him the pistol, Douglass was not with him. Thus it will be seen that Douglass’ constructive presence might well be assumed by the jury, besides non constat that other facts and circumstances elicited on the trial may not have weighed on the jury.
The facts bringing the ease of the accused under its operation, were matters for the jury, which are not subject to review at our hands, and no further charge was asked by the accused, nor any explanation of that given required, nor any objection urged or exceptions taken thereto at the time, setting forth the particular errors complained of.
The judgment appealed from is affirmed, with costs.